IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
IOWA CENTRAL DIVISION

| | |
|---|---|
| PHILIP ROGARIS,<br><br>　　　　PLAINTIFF,<br><br>vs.<br><br>CAB ASSET MANAGEMENT, LLC,<br><br>　　　　DEFENDANT. | Civil Action No.<br><br>COMPLAINT and DEMAND FOR JURY TRIAL |

NOW COMES the Plaintiff, Philip Rogaris ("Plaintiff" or "Rogaris") by and through his attorney, L. Ashley Zubal, and for his Complaint against the Defendant, CAB Asset Management, LLC (hereinafter "Defendant" or "CAB"), alleges as follows:

## I.　INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") and the Iowa Debt Collection Practices Act, § 537.7103, et seq, (hereinafter "IDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.　JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III.　PARTIES

3. Plaintiff, Philip Rogaris, is a natural person residing in Des Moines, Iowa.

4. Defendant, CAB Asset Management, LLC is a business engaged in the collection of debts owed to another in the State of Iowa.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is a "debtor" as that term is defined by Iowa Code § 537.7102(6).

6. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

7. At some point in time, the Plaintiff incurred a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Iowa Code § 537.7102(3), to Advance America, which was used for personal, family, or household use.

8. Sometime thereafter, the debt was sold, assigned, or otherwise transferred to the Defendant for collection.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## IV.   FACTUAL ALLEGATIONS

10. On or about November 29, 2010, at 4:15 p.m., the Plaintiff received a voice message from a representative of the Defendant, a "Keara," who was contacting the Plaintiff in an attempt to collect a debt. The representative failed to provide meaningful disclosure of who was calling. The representative referred to the Plaintiff's file number, 9675613. The representative stated that the file was transferred to her for review and asked the Plaintiff to contact her at the following number: 877-569-4713. The representative failed to state the call was from a debt collector and any information would be used for that purpose.

11. The Plaintiff called the Defendant back on November 29, 2010 and spoke with a Mr. Correia. The Plaintiff referenced his file number to pull up the account. The Defendant's representative stated that the Plaintiff owed an outstanding debt to Advance America for which they were collecting. The representative requested the Plaintiff set up payment immediately. The representative repeated an address that the Plaintiff had not lived at for several years. The Plaintiff stated that he was not in a position to pay the debt and ended the phone call.

12. On or about November 30, 2010, at 8:30 a.m., the Plaintiff received a voice message from a representative of the Defendant, a "Viola Tisdale," who was contacting the Plaintiff in an attempt to collect a debt. Ms. Tisdale stated she was calling from CAB Asset Management and that she was investigating a matter with regard to Mr. Rogaris.

Ms. Tisdale requested Mr. Rogaris call her back at 877-569-4713, and reference file number 9675613. The representative failed to state the call was from a debt collector and that any information would be used for that purpose.

13. On or about December 06, 2010, at 1:13 p.m., the Plaintiff received a voice message from a representative of the Defendant, a "Tiffany," who was contacting the Plaintiff in an attempt to collect a debt. Tiffany stated she was calling from CAB Asset Management. Tiffany requested Mr. Rogaris call her back at 877-569-4713 and to reference file number 9675613. The representative failed to state the call was from a debt collector and that any information would be used for that purpose.

14. On or about December 7, 2010, the Plaintiff contacted the Defendant and provided the representative with his current address. He requested that future communications be directed to his address.

15. The Defendant has failed to forward any correspondence with regard to the alleged debt to the Plaintiff's current address.

16. As a result of the above-referenced communications and actions of the Defendant, the Plaintiff has experienced the following damages including, but not limited to: frustration, anger, stress, fear, loss of sleep and anxiety.

## V.   FIRST CLAIM FOR RELIEF: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

17. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 16.

18. CAB Asset Management, LLC and its agents violated the FDCPA through the foregoing acts and omissions including, but not limited to:

   a. The Defendant violated 15 U.S.C. § 1692d(6) through the placement of telephone calls without meaningful disclosure of the caller's identity.
   b. The Defendant violated 15 U.S.C. § 1692e(11) by failing to state in the initial communications and communications subsequent that the communication is from a debt collector and any information will be used for that purpose.
   c. The Defendant violated 15 U.S.C. § 1692f through the use of unfair or unconscionable means to collect or attempt to collect a debt.

  d. The Defendant violated 15 U.S.C. § 1692g by failing, within five days after its initial communication with Plaintiff, to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendant would assume the debt was valid, or failed within five days after its initial communication with Plaintiff to provide a written notice containing a statement that if Plaintiff notified Defendant in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendant would obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment would be mailed to Plaintiff by Defendant and that Defendant would provide Plaintiff with the name and address of the original creditor.

19. The Plaintiff is entitled to statutory damages up to $1,000.00 for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A).

20. The Plaintiff is entitled to actual damages for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1).

21. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3).

  VI. SECOND CLAIM FOR RELIEF: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)

22. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 21.

23. CAB Asset Management, LLC and its agents violated the IDCPA through the foregoing acts and omissions including, but not limited to:

  a. The Defendant violated Iowa Code § 537.7103(1)(f) by violating 15 U.S.C. §§ 1692d(6); 1692e(11); 1692f; and 1692g.

  b. The Defendant violated Iowa Code § 537.7103(4)(b) by failing to state in the initial communications and communications subsequent that the communication is from a debt collector and any information will be used for that purpose.

24. The Plaintiff is entitled to statutory damages ranging from $100.00 to $1,000.00 for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

25. The Plaintiff is entitled to actual damages for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

26. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the IDCPA pursuant to § 537.5201(8).

WHEREFORE, the Plaintiff respectfully requests that judgment be entered against the Defendant, that the Plaintiff be awarded statutory damages, actual damages, the cost of this action along with reasonable attorney fees, and for such other relief as the Court deems appropriate in the circumstances.

## VII.   JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

 /s/ L. Ashley Zubal
L. Ashley Zubal IS9998256
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
(515) 276-7211
(515) 276-6280
ATTORNEY FOR PLAINTIFF